CHARLES S. BAKER (*Pro Hac Vice*)
JOHN R. HAWKINS (*Pro Hac Vice*)
ADAM D. POGACH (*Pro Hac Vice*)
PORTER & HEDGES, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6000
Facsimile: (713) 226-6276
cbaker@porterhedges.com
jhawkins@porterhedges.com
apogach@porterhedges.com

GLENN W. TROST (SBN 116203)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 687-0758
gtrost@whitecase.com

Attorneys for Defendant
LIME WIRE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE LIME GROUP, INC., and LIME WIRE LLC,<br><br>Defendants. | Case No. CV 07-06161 VBF (PLAx)<br><br>**NOTICE OF MOTION AND DEFENDANT LIME WIRE LLC'S MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: December 17, 2007<br>TIME: 1:30 P.M.<br>JUDGE: Hon. Valerie Baker Fairbank |

Case No. Cv 07-06161-VBF PLAx
**DEFENDANT'S MTN TO TRANSFER VENUE AND MPA**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on December 17, 2007 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 9 before the Hon. Valerie Baker Fairbank, located at the United States District Court for the Central District of California, Western Division, 312 N. Spring Street, Los Angeles, CA 90012, Defendant Lime Wire LLC will and hereby does move pursuant to 28 U.S.C. § 1404(a) for an order transferring this action to the Southern District of New York for the convenience of parties and witnesses.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Gregory Lloyd Bildson, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 5, 2007.

Dated: November 15, 2007

Respectfully submitted,

WHITE & CASE LLP
PORTER & HEDGES, L.L.P.

By: *Glenn W. Trost*
Glenn W. Trost
Attorneys for Defendant Lime Wire, LLC

2

CASE NO. CV 01-08541-FMOX
Defendant's Mtn to Transfer Venue and MPA

## I. INTRODUCTION

The Plaintiffs' choice of forum in this case will unfairly prejudice Defendant Lime Wire LLC's ("Lime Wire") ability to defend itself in this action. All of Lime Wire's key witnesses live and work in New York or the surrounding area. Many of these witnesses are former employees of Lime Wire. Transfer of this action under 28 U.S.C. § 1404(a) to the Southern District of New York, where the key witnesses live and work, is warranted.

## II. FACTUAL SUMMARY

Plaintiffs Kinetech, Inc., Altnet, Inc., and Brilliant Digital Entertainment, Inc. (collectively, "Plaintiffs") initiated this lawsuit on September 21, 2007, by filing a Complaint for Patent Infringement, Permanent Injunction and Damages ("Complaint") against Defendants The Lime Group, Inc. ("Lime Group")[1] and Lime Wire. In their Complaint, Plaintiffs conclusorily allege that "[t]he acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places." Complaint at ¶ 2.

According to the Complaint, all of the Plaintiffs are Delaware corporations with their principal places of business in California. *Id.* at ¶¶ 3-5. Plaintiffs correctly allege that Defendant Lime Wire is a Delaware corporation with its principal place of business in New York, New York. *Id.* at ¶ 7.

As shown below, California is an inconvenient forum for both Lime Wire and many of the important non-party witnesses in this action. For the convenience of the parties and witnesses Lime Wire respectfully requests that this Court transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

---

[1] On November 9, 2007, after Lime Group conferred with Plaintiffs pursuant to L.R. 7-3 regarding the Rule 12(b) motion it was preparing to file, Plaintiffs filed a Notice of Dismissal Without Prejudice as to Defendant Lime Group, Inc. Only.

CASE NO. CV 07-06161-VBF PLAX
**DEFENDANT'S MTN TO TRANSFER VENUE AND MPA**

### III. THE RELEVANT FACTORS FAVOR TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this provision, district courts have broad discretion to transfer an action to another district where venue is proper.[2] *See, e.g., Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988). The district court considers motions to transfer under this section on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

In deciding whether to transfer an action pursuant to Section 1404(a), courts weigh numerous factors, including "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Calif 2007). Additional factors courts may consider include the state that is most familiar with the governing law, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the costs of litigation in the two forums, the availability of compulsory process to compel the attendance of unwilling third-party witnesses, and the ease of access to sources of proof. *See Jones*, 211 F.3d at 498-99.

As discussed below, only one of these factors (by definition) favors the plaintiffs; each of the others favor transfer here, or at worst are neutral.

#### A. Plaintiffs' Choice of Forum

As a general rule, a plaintiff's choice of venue is accorded deference. *Amini,*

---

[2] This action could have been properly filed in the Southern District of New York. That court would have subject matter jurisdiction, as this case is filed under the federal patent laws. Lime Wire has its principal place of business in New York and is subject to personal jurisdiction there.

497 F. Supp. 2d at 1110 (citing cases). But, this deference is not absolute. *See, e.g., Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (stating deference to plaintiff's choice of forum "is not absolute"); *First Nat'l Bank v. El Camino Resources, Ltd.,* , 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (stating deference "is not absolute and the weight given to the plaintiff's choice of forum can vary depending upon the circumstances of each case"); *Shoemake v. Union Pac. R.R. Co.*. 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002) (stating plaintiff's choice of forum is "neither conclusive nor determinative"); *Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 562 (D.S.C. 1992) (plaintiff's choice of forum is not entitled to unfettered deference.) Thus, "[w]here a defendant is able to show that the convenience of parties and witnesses and the interests of justice weigh heavily in favor of a transfer, the plaintiff's choice must give way to the important objective of judicial economy." *Bennett,* 785 F. Supp. at 563.

As discussed below, however, the convenience of the parties and non-party witnesses in this case outweighs Plaintiffs' choice of forum, and supports transferring this action to the Southern District of New York.

### B. The Convenience of the Witnesses

The convenience of the witnesses, a factor which in this case weighs in favor of transfer, is often "the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." *Amini,* 497 F. Supp. 2d at 1111 (citing cases). It is the convenience of non-party witnesses that is most important in determining the weight to be accorded this factor. The inconvenience to party witnesses is entitled to less weight, "as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated." *Id.* (citing cases). Here, the convenience of non-party witnesses weighs heavily in favor of transfer to New York.

As described in the attached Declaration of Gregory Lloyd Bildson ("Bildson Decl."), Lime Wire has, at this early stage of the litigation and without the benefit

of discovery, identified at least nine non-party witnesses, who on information and belief, possess information that will be important to the issues in this case, and who are likely to be called to testify in this action. These witnesses are Adam Fisk (New York), Roger Kapsi (New York), Mark Kornfilt (New York), Karl Magdsick (New York), Dave Nicponski (New Jersey), Sumweet Thadani (Connecticut), Yusuke Naito (New York), Petar Maymounkov (Massachusetts), and Chris Rohrs (New York). Bildson Decl. at ¶ 3(a)-(i). These witnesses, all of whom are believed to reside in New York or the surrounding area, will likely be called upon by the parties to testify as to matters relating to the design and development of the allegedly infringing software. *See id.* (describing in detail potential areas of testimony for each of these nine witnesses).

Moreover, all of Lime Wire's employees and other party witnesses, including Mr. Bildson, reside in New York or the surrounding area, and would be inconvenienced by having to travel to California in connection with this litigation. *See, e.g.,* Bildson Decl. at ¶ 1. Lime Wire will be similarly prejudiced by the cost of transporting these witnesses to California, or having to conduct a trial by deposition.

Accordingly, the convenience of the witnesses weighs heavily in favor of transfer to the Southern District of New York.

### C.   All Other Factors Are Neutral.

#### 1.   Which forum's law applies

As the court in *Amini* concluded, this factor is neutral in this case, as "courts in the Central District of California and the Southern District of new York are equally versed in federal patent [] law." *Amini*, 497 F. Supp. 2d at 1112.

#### 2.   The convenience of the parties

If this case is tried in this district, Lime Wire, a Delaware corporation with its principal and only place of business in New York, will be greatly inconvenienced. *See* Bildson Decl. at ¶¶ 1, 3. Plaintiffs will likely argue that if this case is

transferred to New York, where venue is also proper, they will similarly be inconvenienced. Accordingly, this factor is neutral, weighing neither in favor of nor against transfer. *See Amini*, 497 F. Supp. 2d at 1110 (citing cases).

### 3. The interest of justice

"The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Id.* at 1112. (citation omitted). There is no ongoing related litigation in any other forum of which Lime Wire is aware, thus, this factor is neutral in this case. *See id.* (concluding factor was neutral where neither party identified any ongoing related litigation in another forum).

### 4. Administrative considerations

"Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." *Id.* at 1112 (citing cases). Lime Wire is not aware of any significant difference in the relative congestion of this Court's docket and the dockets of the district courts in the Southern District of New York. This factor, therefore, is neutral. *See id.* (concluding that because there was no evidence regarding relative congestion of the dockets of the two courts, the court would not take this factor into account).

### D. Balancing the Discretionary Factors

As described above, many of the discretionary factors are neutral. The convenience of nonparty witnesses, however, which is the single most important factor, weighs heavily in favor of transfer to New York. No less than nine important non-party witnesses live in the New York area, all of whom may be called to testify in this action.

The only factor weighing against transfer is Plaintiffs' choice of this forum. Although that factor is entitled to some deference, it does not outweigh the tremendous inconvenience to the non-party witnesses whose testimony may be at the center of this dispute. Accordingly, this Court should transfer this action to the

Southern District of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses in this action.

### IV. CONCLUSION

For the foregoing reasons, Defendant Lime Wire LLC respectfully urges the Court to transfer of this action under 28 U.S.C. § 1404(a) to the Southern District of New York, where the key witnesses live and work.

DATED:   November 15, 2007

        WHITE & CASE LLP
        PORTER & HEDGES, L.L.P.

By: *Glenn W. Trost*
      Glenn W. Trost
      Attorneys for Defendant Lime Wire, LLC

# PROOF OF SERVICE

I am employed in the City of Houston, County of Harris, State of Texas. I am over the age of 18 years and not a party to the within action. My business address is 1000 Main Street, 36th Floor, Houston, Texas. On November 15, 2007, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:

**NOTICE OF MOTION AND DEFENDANT LIME WIRE LLC'S MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**

SERVED UPON:              **SEE ATTACHED SERVICE LIST**

☒ (BY COURT ECF NOTIFICATION) I electronically filed with the Court's CM/ECF filing system.

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Houston, Texas. I am readily familiar with the practice of Porter & Hedges, L.L.P. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Porter & Hedges, L.L.P. for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

I declare under penalty of perjury under the laws of the United States and the State of Texas that the above is true and correct.

Executed on November 15, 2007, at Houston, Texas.

_____
Judy Nyegaard

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | *KINETECH, INC., et al. v. THE LIME GROUP, INC., et al.* |
| 3 | U.S.D.C. No. CV 07-06161 VBF (PLAx) |
| 4 | Roderick G. Dorman |
| 5 | Lawrence M. Hadley |
|   | Hazim H. Ansari |
| 6 | Hennigan, Bennett & Dorman LLP |
| 7 | 865 South Figueroa Street, Suite 2900 |
|   | Los Angeles, CA  90017 |
| 8 | (213) 94-1200 – Telephone |
| 9 | (213) 694-1234 – Facsimile |
|   | dormanr@hbdlawyers.com |
| 10 | hadleyl@hbdlawyers.com |
| 11 | ansarih@hbdlawyers.com |
| 12 | *Attorneys for Plaintiffs* |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CASE NO. CV 07-06161-VBF PLAX
**DEFENDANT'S MTN TO TRANSFER VENUE AND MPA**