1  CHARLES S. BAKER (*Pro Hac Vice*)
   JOHN R. HAWKINS (*Pro Hac Vice*)
2  ADAM D. POGACH (*Pro Hac Vice*)
   PORTER & HEDGES, L.L.P.
3  1000 Main Street, 36th Floor
   Houston, Texas  77002-6336
4  Telephone:  (713) 226-6000
   Facsimile:   (713) 226-6276
5  cbaker@porterhedges.com
   jhawkins@porterhedges.com
6  apogach@porterhedges.com

7  GLENN W. TROST (SBN 116203)
   WHITE & CASE LLP
8  633 W. Fifth Street, Suite 1900
   Los Angeles, CA  90071-2007
9  Telephone:  (213) 620-7700
   Facsimile:   (213) 687-0758
10 gtrost@whitecase.com

11 Attorneys for Defendant
12 LIME WIRE LLC

14              UNITED STATES DISTRICT COURT
15        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

17 KINETECH, INC., ALTNET, INC.,
18 and BRILLIANT DIGITAL
   ENTERTAINMENT, INC.,                 Case No.  CV 07-06161 VBF (PLAx)
19
20      Plaintiffs,

21 vs.                                  **DECLARATION OF GREGORY
                                        LLOYD BILDSON IN SUPPORT
22 THE LIME GROUP, INC., and LIME       OF DEFENDANT LIME WIRE
   WIRE LLC,                            LLC'S MOTION TO TRANSFER
23                                      VENUE**
24      Defendants.

1

I, Gregory Lloyd Bildson, hereby declare:

1. My name is Gregory Lloyd Bildson. I reside in Hudson County, New Jersey.

2. I am an adult. I am the Chief Technical Officer of Defendant Lime Wire LLC ("Lime Wire"), a Delaware corporation with its principal and only place of business located in New York, New York. I have been the Chief Technical Officer of Lime Wire since 2000.

3. There are numerous nonparty witnesses that may be called to testify in this action, for whom California would be an inconvenient forum. These witnesses include the following individuals:

   a. **Adam Fisk.** On information and belief, Mr. Fisk resides in New York. He is a former employee and senior developer of the allegedly infringing software at issue in this case. He was deeply involved in the development of distributed search and download activities involved in this case. He designed and implemented dynamic querying. On information and belief, Mr. Fisk will be able to testify that Lime Wire does not allow searches by SHA1 hash, that Lime Wire has multiple ways to reference content on a client, that Lime Wire's file addressing is not as simple as SHA1 URNs, and that Lime Wire uses tigertree hashes. He should also be able to testify about the introduction of SHA1 hashes as part of the HUGE specification, the addition of download meshes, and keyword routing as key to Gnutella. All of this information would be relevant to our defense of this lawsuit because a complete understanding of Lime Wire and Gnutella is a central component of this case.

   b. **Roger Kapsi.** On information and belief, Mr. Kapsi resides in New York. He is a former employee and developer of the allegedly infringing software at issue in this case. He implemented Lime Wire's DHT based on Kademlia. On information and belief, Mr. Kapsi will be able to testify that Lime Wire's DHT is an accurate implementation of Kademlia, that Lime Wire's routing

1  model is somewhat unique based on patricia trees, that keys in the DHT can be
2  chosen to be any arbitrary 160 bit value, and that DHT has uses other than SHA1
3  file identifiers. He should also be able to testify regarding Lime Wire's plans for a
4  filtering system that uses lexical keyword lookups and patricia trees, that Lime
5  Wire makes extensive use of UDP rather than TCP in its DHT and copyright
6  filtering systems, and that Lime Wire includes the push proxy of firewalled hosts in
7  its DHT of alternate locations that requires UDP and NAT hole punching to access.
8  This information is relevant to the defense of this lawsuit because a complete
9  understanding of Lime Wire and Gnutella is a central component of this case.

10        c.    **Mark Kornfilt**. On information and belief, Mr. Kornfilt resides
11 in New York. He is a former employee and developer of the allegedly infringing
12 software at issue in this case. On information and belief, Mr. Kornfilt will be able
13 to testify that keys in the DHT can be chosen to be any arbitrary 160 bit value, that
14 there are uses of the DHT other than SHA1 file identifiers, that Lime Wire's
15 filtering system uses lexical keyword lookups and patricia trees, using a DHT
16 combined with dynamic querying for assisting in finding rare content, that Lime
17 Wire makes extensive use of UDP rather than TCP in its DHT and copyright
18 filtering systems, and that Lime Wire includes the push proxy of firewalled hosts in
19 its DHT of alternate locations that requires UDP and NAT hole punching to access.
20 This information is relevant to the defense of this lawsuit because a complete
21 understanding of Lime Wire and Gnutella is a central component of this case.

22        d.    **Karl Magdsick**. On information and belief, Mr. Magdsick
23 resides in New York. He is a former employee and developer of the allegedly
24 infringing software at issue in this case. On information and belief, Mr. Magdsick
25 will be able to testify that file requests are really content range requests of parts of a
26 file, explain Lime Wire's content range randomization system, and testify about
27 security issues. This information is relevant to the defense of this lawsuit because a
28 complete understanding of Lime Wire and Gnutella is a central component of this

1 | case.

2        e. **Dave Nicponski**. On information and belief, Mr. Nicponski resides in New Jersey. He is a former employee and developer of the allegedly infringing software at issue in this case. On information and belief, Mr. Nicponski will be able to testify regarding removing a leaf from QRP when idle or busy, and differences between Lime Wire and other Gnutella clients. This information is relevant to the defense of this lawsuit because a complete understanding of Lime Wire and Gnutella is a central component of this case.

       f. **Sumeet Thadani**. On information and belief, Mr. Thadani resides in Connecticut. He is a former employee and developer of the allegedly infringing software at issue in this case. On information and belief, Mr. Thadani will be able to testify about matters relating to downloads, including that downloads are content range based, done in parallel with certain constraints, and that downloads have various states. This information is relevant to the defense of this lawsuit because a complete understanding of Lime Wire and Gnutella is a central component of this case.

       g. **Yusuke Naito**. On information and belief, Mr. Naito resides in New York. He is a former employee and developer of the allegedly infringing software at issue in this case. On information and belief, Mr. Naito will be able to testify that Lime Wire's routing and searching has a built in locality feature, that language settings affect the route of a search and connectivity within a network, and about searches in languages other than English. This information is relevant to the defense of this lawsuit because a complete understanding of Lime Wire and Gnutella is a central component of this case.

       h. **Petar Maymounkov**. On information and belief, Mr. Maymounkov resides in Massachusetts. He is the author of the Kademlia standard and a former advisor to Lime Wire. On information and belief, Mr. Maymounkov will be able to testify about Lime Wire's implementation of the Kademlia protocol

for DHT support, that Kademlia algorithms are best implemented with UDP, the use of rateless codes for transferring large files, and UDP based communications at rates faster than TDP. This information is relevant to the defense of this lawsuit because the use of DHT, Kademlia, and UDP may be important with respect to evidence in this case.

   i. **Chris Rohrs**. On information and belief, Mr. Rohrs resides in New York. He is a developer of the allegedly infringing software at issue in this case. On information and belief, Mr. Rohrs will be able to testify about early code in Lime Wire, the purity of the original Gnutella specification with the use of SHA1 URNs, the addition of SHA1 URNs as part of the HUGE specification, the addition of download meshes into Gnutella and Lime Wire, and the introduction and purpose of bloom filters and keyword routing. . This information is relevant to the defense of this lawsuit because a complete understanding of Lime Wire and Gnutella is a central component of this case.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is sworn to this 15th day of November, 2007, in New York, New York.

_____
Greg Bildson