1  HENNIGAN, BENNETT & DORMAN LLP
   RODERICK G. DORMAN (SBN 96908)
2  dormanr@hbdlawyers.com
   LAWRENCE M. HADLEY (SNB 157728)
3  hadleyl@hbdlawyers.com
   HAZIM H. ANSARI (SBN 190601)
4  ansarih@hbdlawyers.com
   865 South Figueroa Street, Suite 2900
5  Los Angeles, California 90017
   (213) 694-1200 - Telephone
6  (213) 694-1234 - Facsimile

7  Attorneys for Plaintiffs, ALTNET, INC.,
   BRILLIANT DIGITAL ENTERTAINMENT, INC.
8  and KINETECH, INC.

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13  KINETECH, INC., ALTNET, INC., and      )  Case No. CV07-06161 VBF (PLAx)
    BRILLIANT DIGITAL                      )
14  ENTERTAINMENT, INC.                    )
                                           )  **DECLARATION OF KEVIN
15                                         )  BERMEISTER IN SUPPORT OF
                    Plaintiffs,            )  PLAINTIFFS' OPPOSITION TO
16                                         )  MOTION TO TRANSFER**
            vs.                            )
17                                         )
    THE LIME GROUP, INC., AND LIME         )
18  WIRE LLC                               )
                                           )
19                  Defendants.            )
                                           )

20

21

22

23

24

25

26

27

28

CASE NO: CV07-06161 VBF (PLAx)                    DECLARATION OF KEVIN BERMEISTER
643290.02

I, Kevin Bermeister, state and declare as follows:

1. I am President of Altnet, Inc. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Transfer. I have personal knowledge of the facts recited in this declaration, and if called as a witness, I would and could testify competently to these matters.

2. Altnet and Brilliant Digital Entertainment, Inc. (its parent company) hold exclusive rights to U.S. Patent No. 6,928,442 (the "'442 Patent") in certain fields of use, including peer-to-peer technology. Kinetech, Inc., a wholly-owned subsidiary of Brilliant Digital Entertainment, owns the '442 Patents. I collectively refer to Altnet, Brilliant Digital Entertainment, and Kinetech as the Plaintiffs.

3. The '442 Patent is one patent in a portfolio of patents directed toward the use of certain identifiers to, among other things, identify, access, and manage data. The '442 Patent issued on August 9, 2005 as a continuation of U.S. Patent No. 6,415,280 (issued on July 2, 2002), which is a continuation of U.S. Patent No. 5,978,791 (issued on November 2, 1999). The '442 Patent pertains to the use of data identifiers to locate unauthorized, copyrighted content in computer networks, and to inhibit access to such content.

4. Altnet promotes, distributes, and sells legal, proprietary digital content, such as music and videos, through P2P computer networks. Additionally, Altnet and Brilliant Digital have launched a service known as "Global File Registry." Illegal copyrighted content and other illicit material, including child pornography, have been available on the Internet almost since its inception. Beginning with the infamous Napster system, the development of peer-to-peer networks of computer users exponentially expanded the distribution of illegal and illicit digital files. Using Plaintiffs' patented technology, Global File Registry promises to significantly curtail illegal activity over the Internet and on peer-to-peer networks. However, before Global File Registry can succeed, Plaintiffs must ensure that peer-to-peer service providers, like Lime Wire, are prevented from using Plaintiffs' patented technology in

-1-

CASE NO: CV07-06161 VBF (PLAx)
643290.02

DECLARATION OF KEVIN BERMEISTER

1  an unauthorized manner. Lime Wire has distributed or sold millions of copies of its
2  software application all over the world, including to individuals within Southern
3  California.
4     5.   Plaintiffs are small businesses without extensive financial resources. A
5  transfer of this case to New York will impose a substantial hardship and burden on the
6  Plaintiffs. All of the Plaintiffs' relevant files, software, and business operations are
7  located in the Los Angeles area. Likewise, Plaintiffs' maintain offices in Los
8  Angeles, and have employees located in the Los Angeles area. Plaintiffs' lead
9  attorneys are also located on Los Angeles.
10    6.   Additionally, many of Plaintiffs' key witnesses likely to testify in this
11 case are in California, with the exception of one individual who is located in Illinois.
12 One of two co-inventors of the '442 Patent, Mr. David Farber, resides in Ojai,
13 California. Mr. Farber is not employed by the Plaintiffs and would be a third party
14 witness in this case. The second co-inventor, Mr. Ronald Lachman, resides in Illinois.
15 Plaintiffs' employees have knowledge regarding patent ownership, willfulness, and
16 damages-related issues, and Plaintiffs expect these employees will testify in this case.
17
18    I declare under penalty of perjury under the laws of the United States that the
19 foregoing is true and correct.
20    Executed this 3rd day of December, 2007.



Kevin Bermeister

_____
Kevin Bermeister

CASE NO: CV07-06161 VBF (PLAx)                    DECLARATION OF KEVIN BERMEISTER
643290.02