**SEND**  
ENTER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-6161-VBF(PLAx)**                           Dated: **December 12, 2007**

Title:   Kinetech, Inc., et al. -v- The Lime Group, Inc., et al.

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING DEFENDANT LIME WIRE LLC'S MOTION TO TRANSFER VENUE [fld 11/15/07]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 17, 2007 at 1:30 p.m. is hereby vacated and the matter taken off calendar.

The Court has read and considered Defendant Lime Wire LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York, the Plaintiffs' Opposition, and the Defendant's Reply. For the reasons set out below, the Defendant's

motion is DENIED.  The Court finds the Defendant has failed to carry its burden of proving a transfer is warranted.

**ANALYSIS**

Plaintiffs Kinetech, Inc., Altnet, Inc. and Brilliant Digital Entertainment accuse Defendant Lime Wire, LLC of creating, selling and distributing software that infringes U.S. Patent Number 6,928,442 ('442 Patent).  (Complaint ¶¶ 12-14).  The Plaintiffs are Delaware corporations with their principle place of business in California.  (Complaint ¶¶ 3-5).  The Defendant is a Delaware corporation with its principle place of business in New York, New York.  (Bildson Dec. ¶ 2).

Title 28, section 1404(a), states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party seeking a transfer bears the burden of proving transfer is warranted.  *Decker Coal Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986).

First, the Defendant must prove the district to which it seeks to transfer is a forum in which the action originally could have been brought.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).  This action could have been brought in the Southern District of New York.  The Southern District of New York would have subject matter jurisdiction, as this action arises under federal patent laws.  That district would have personal jurisdiction, as Lime Wire's principle place of business is in New York, New York.  (Bildson Dec. ¶ 2).  Finally, venue is proper.  28 U.S.C. § 1400(b) (civil action for patent infringement may be brought where the defendant resides).

Second, the Defendant must prove that transfer is for the convenience of the parties and witnesses and in the interests of justice.  28 U.S.C. § 1404(a).  In determining whether transfer will accomplish these goals, courts look to a variety of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the familiarity of the forum with the applicable law, (4) the ease of access to evidence, (5) the parties contacts with the chosen forum, (6) the differences in the costs of litigation and; (7)

administrative difficulties due to court congestion. *See Robin Singh Educational Services, Inc. v. Test Masters Educational Services, Inc.*, 2003 US Dist LEXIS 26762, *9; *Decker Coal*, 805 F.2d at 843. Additional relevant factors include the parties' contacts relating to the plaintiff's cause of action in the chosen forum and the availability of compulsory process to compel attendance of unwilling non-party witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The Defendant's principle argument is that the presence of a large number of non-party witnesses in New York or the surrounding area strongly supports transfer to the Southern District of New York. (Def. Motion at 1). Additionally, the Defendant argues Plaintiffs' choice of forum is entitled to little weight, because the alleged infringing activities occurred in New York, and have no connection to this District. (*See* Def. Reply at 5). The Plaintiffs refute the contention that these witnesses are necessary, and further contend that their limited financial resources would make litigating in New York burdensome. (Pl. Opp at 3-6).

1. <u>The Plaintiff's Choice of Forum</u>

Generally, a defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of the forum." *Decker Coal*, 805 F.2d 834, 843 (9th Cir. 1986). The Defendant argues, however, that the Plaintiffs' choice of forum is entitled to less deference in this case. They argue that although the Plaintiff has an office in this District, the allegedly infringing activity which are the subject of the instant lawsuit all occurred in New York. (Def. Reply at 5).

Courts have afforded less deference to a plaintiff's choice of forum when the central facts of the lawsuit occur outside the plaintiff's forum. *See Sorensen v. Daimler Chrysler AG*, 2003 WL 1888866, *3 (N.D. Cal. 2003) (citing *S.C. Johnson & Son v. Gillette Co.*, 571 F. Supp 1185, 1187-88 (N.D. Ill. 1983)). In a patent infringement suit, the courts will look to see where the "center of the accused activity" or "center of gravity of the alleged infringement" has occurred. *Id.* (internal citations omitted). The center of accused activity is generally where "the defendant is alleged to have developed, tested, researched, produced, marketed,

and made sales decisions." *Id.* (citing *S.C. Johnson*, 571 F. Supp. at 1188; *Saint-Gobain Calmar, Inc. v. Nat'l Products Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa 2002)).

Here, the only connection the Plaintiffs have asserted to this forum related to infringement is that the defendant "has distributed or sold millions of copies of its software application all over the world, including to individuals within Southern California." (Bermeister Dec. ¶ 4). On the other hand, the accused product was developed in New York, where the Defendant resides. (*See* Bildson Dec. ¶ 3). While the Defendant has not adduced any evidence of marketing and sales decisions and activities,[1] the evidence does in the very least demonstrate the "center of gravity" of the infringing activity is not in the Central District of California. *See Saint-Gobain Calmar*, 230 F. Supp. 2d at 660 ("To the extent that [Plaintiff's] claim is based on the alleged infringing products being sold here, this District is one of the many fora in which the claim can arise because [Defendant's] products are sold nationally").

However, this does not mean the Plaintiffs' choice is not afforded any deference. "Generally, the fact that a plaintiff has filed suit in the district where it resides is a sufficient connection to accord its choice of forum deference." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1110 (C.D. Cal. 2007); *see also Bailey v. Union Pac. R.R. Co.*, 364 F.Supp.2d 1227, 1230 (D. Colo. 2005) (choice of forum is entitled to little weight if it is neither "his home nor the place of the accident."). Accordingly, this factor still weighs against transfer.

 2. The Convenience of Witnesses

The convenience of witnesses is the most important factor to consider. *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). However, the convenience of party witnesses is entitled to less weight than non-party witnesses, as they would presumably be able to testify in either forum. *See id.*; 17 Moore's Federal Practice § 111.13[1][f]. However, for every witness the materiality of their testimony must be shown.

---

[1] Beyond stating their principal and only place of business is New York, New York. (Bildson Dec. ¶ 2).

*See* 17 Moore's Federal Practice § 111.13[1][f].  In other words, the Defendant must demonstrate through affidavits who the key witnesses will be and what their testimony will generally include.  *See Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243-44 (E.D. Cal. 2005).

  The Defendant asserts there are a total of nine third-party witnesses, eight of which are former employees of Lime Wire, who were involved in the development of the accused software.  (Bildson Dec. ¶ 3).  Six of these individuals reside in New York and the remaining individuals reside in Connecticut, New Jersey and Massachusetts.  (*Id.*).  The Defendant has also provided detailed information about what portions of the software each individual helped to develop, and what testimony they may provide.  (*Id.*).

  The Plaintiffs assert there are two non-party witnesses who are likely to testify on their behalf.  The first, Mr. David Farber, resides in Ojai, California and is one of two co-inventors of the '442 Patent.  (Bermeister Dec. ¶ 6).  The second co-inventor, Mr. Ronald Lachman, resides in Illinois.  (*Id.*).  The Plaintiff also asserts that "many of Plaintiffs' key witnesses . . . are in California," and that "Plaintiffs' employees have knowledge regarding patent ownership, willfulness, and damages-related issues."  (*Id.*).

  Standing alone, this information would favor transfer.  As the Defendant has noted, courts do weigh the convenience of non-party witnesses more than party witnesses.  *See Amini*, 497 F. Supp. 2d at 1111.  Courts also consider whether the witnesses can be compelled to testify, as it is well settled that courts should generally procure live testimony of material non-party witnesses at trial rather than forcing a party to try a case by deposition.  *See Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 511 (1947).

  However, the Plaintiffs have raised several arguments that weaken the Defendant's position.  First, the Defendant has failed to adequately explain why the Defendant's current employees could not provide testimony on the accused product.  As the Plaintiffs point out, what is relevant in a patent case is whether the accused device falls within the scope of the claims.  *See, e.g., Stambler v. RSA Sec., Inc.*, 123 Fed. Appx. 982, 986 (Fed. Cir. 2005).  The Defendant offers no reason why existing employees would not be able to provide the information relevant to this inquiry, beyond stating in a rather conclusory fashion that

MINUTES FORM 90                 Initials of Deputy Clerk   rs
CIVIL - GEN

these non-party witnesses have unique knowledge. (Def. Reply at 3). This contention does not appear entirely spurious - according to the declaration these witnesses were involved in designing various portions of the accused product. (*See, e.g.,*Bildson Dec. ¶ 3(a)). However, the Defendant has failed to state what that knowledge may be.

Second, while courts consider whether witnesses can be compelled to testify, the Defendant has failed to state whether any of these witnesses would in fact be unwilling or unable to testify in the Central District of California. *See Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985) (court rejecting the unavailability to judicial process as an argument for transfer when the party had not proffered any evidence the witness was unwilling to testify); *Jones*, 211 F.3d at 489 (stating a factor to consider to transfer is "the availability of compulsory process to compel attendance of *unwilling* non-party witnesses") (emphasis added). The Defendant is careful to point out that the Plaintiffs have failed produce evidence that one of *their* third-party witnesses, Mr. Farber, would be unwilling to appear in New York. (Def. Reply at 5). The Defendant has similarly failed to produce any evidence their non-party witnesses would be unwilling to appear.

In short, although there is no doubt some, or many, if not all of the Defendant's witnesses are in the New York area, it has failed to show that these non-party witnesses are *key* witnesses. *See* 15 Wright & Miller Federal Practice and Procedure § 3851 ("The party seeking the transfer must specify clearly, typically by affidavit, the *key witnesses* to be called . . . ") (emphasis added). Similarly, even if they were, the Defendant has failed to produce evidence they would unwilling or unable to testify in this District.

However, beyond Mr. Farber, the Plaintiffs have failed to adduce any evidence supporting their position that their material witnesses are in the Los Angeles area. The Plaintiffs state their employees "have knowledge regarding patent ownership, willfulness, and damages-related issues," but the Plaintiffs fail to identify who those employees are and what their testimony will generally include. *See Hope*, 389 F. Supp. 2d at 1243-44.

As a result, this factor weighs neither for nor against transfer.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk  <u>rs</u>

### 3. Convenience of the Parties

Regardless of which forum is chosen, one party will bear more expense than the other. However, the Plaintiffs assert that they are a small businesses without extensive financial resources, and litigating in New York would impose a substantial hardship on the Plaintiffs. (Bermeister Dec. ¶ 5). "The relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." *Meteoro Amusement Corp v. Six Fags*, 267 F.Supp.2d 263, 279 (N.D.N.Y 2003); *see also Miracle v. NYP Holdings, Inc.*, 87 F.Supp.2d 1060, 1073-74 (D. Haw. 2000).

The Defendant does not really controvert the Plaintiffs' statement in its reply, but simply states it too will face extra expense if it must litigate in the Central District of California. (Def. Reply at 5). On the other hand, the Plaintiffs don't contend the Defendant is a huge multi-national where the costs of litigation would be easily absorbed. Therefore, this factor weighs modestly against transfer.

### Conclusion

In conclusion, although the Plaintiff's choice of forum is entitled to less deference here, the Defendant has made an insufficient showing to upset that choice.