HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hbdlawyers.com
LAWRENCE M. HADLEY (SNB 157728)
hadleyl@hbdlawyers.com
HAZIM H. ANSARI (SBN 190601)
ansarih@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Attorneys for Plaintiffs, ALTNET, INC.,
BRILLIANT DIGITAL ENTERTAINMENT, INC.
and KINETECH, INC.

CHARLES S. BAKER (Pro Hac Vice)
cbaker@porterhedges.com
JOHN R. HAWKINS (Pro Hac Vice)
jhawkins@porterhedges.com
PORTER & HEDGES, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas  77002-6336
(713) 226-6000 - Telephone
(713) 226-6276 - Facsimile

Attorneys for Defendant, LIME WIRE LLC

*NOTE CHANGES MADE BY THE COURT.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC. | Case No. CV07-06161 VBF (PLAx) |
| Plaintiffs, | [~~PROPOS~~ED] PROTECTIVE ORDER |
| vs. | |
| THE LIME GROUP, INC., AND LIME WIRE LLC | |
| Defendants. | |

# PROTECTIVE ORDER

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, and in the interest of expediting discovery in this action, the Court hereby enters this Joint Stipulation and Protective Order (the "Protective Order") for the protection of "Proprietary Information," as that term is defined in paragraph 3, FMO below, that may be produced or otherwise disclosed by the parties during the course of this litigation. Plaintiffs Kinetech, Inc., Altnet, Inc., and Brilliant Digital Entertainment, Inc. (collectively, the "Plaintiffs") and Defendant Lime Wire LLC ("Defendant") are hereby ordered to comply with the applicable terms of this Protective Order in the course of the discovery process. It is expressly understood, however, that acceptance of such information and documents by a party shall not be interpreted as conceding that the items designated disclose properly protected subject matter.

## 1. Good Cause Statement

In this case alleging patent infringement, good cause exists for entry of a protective order governing the treatment of confidential information disclosed during discovery. Plaintiffs allege that Defendant LimeWire infringes U.S. Patent No. 6,928,442 by making, using, selling, and offering for sale a software application known as "Limewire". As part of discovery in this case, the parties anticipate requesting and providing confidential and highly confidential information including (1) source code, (2) product specifications, (3) flow diagrams, (4) research reports, (5) test results, (6) customer/client lists, (7) customer/client contracts, (8) marketing surveys, (9) marketing reports, (10) account balances, (11) asset valuations, and (12) accounts payable, accounts receivable, and profit and loss statements. Such information is not publicly known or available. The parties reasonably believe that disclosure of such confidential technical and business information would cause severe competitive harm to the producing party. Thus, the parties have demonstrated good cause for the imposition of certain protections that will prevent or at least minimize

1  the potential for either intentional or inadvertent disclosure to non-parties.

2  **2.  <u>Introduction and Scope</u>**

3  This Protective Order shall govern any designated records or information

4  produced in this action, including all designated motions and other papers submitted

5  to the Court in this action, all designated deposition testimony, all designated

6  testimony taken at a hearing or other proceeding, interrogatory answers, documents,

7  and other discovery materials, whether produced informally or in response to

8  interrogatories, requests for admissions, requests for production of documents or other

9  formal method of discovery or as part of any disclosure required by Rule 26 of the

10  Federal Rules of Civil Procedure.  This Protective Order shall also govern any

11  designated record or information produced in this action pursuant to required

12  disclosures under any Central District of California Local Rule and any

13  supplementary disclosures thereto.

14  **3.  <u>Limitation on Materials Subject to Protective Order</u>**

15  This Protective Order shall apply only to "Proprietary Information."  As used

16  herein, the term "Proprietary Information" shall be limited to materials that the

17  producing party reasonably believes is (1) confidential to the producing party, (2) not

18  available to the public, and (3) would cause harm to the producing party if disclosed

19  to the public or to a competitor.  Such Proprietary Informaiton shall be more

20  specifically limited to trade secrets as that term is defined in Cal. Civ. Code § 3426.1,

21  and may include source code, specifications, flow diagrams, research reports, test

22  results, customer/client lists, customer/client contracts, marketing surveys, marketing

23  reports, account balances, asset valuations, accounts payable, accounts receivable, and

24  profit and loss statements.

25  **4.  <u>Designation</u>**

26  Each party shall have the right to designate as "CONFIDENTIAL" or

27  "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" and to subject

28

CV 07-06161 VBF (PLAx)                                          PROTECTIVE ORDER

1    to this Protective Order any information, document or portion of any document
2    produced by it in this litigation which contains Proprietary Information.  This
3    designation shall be made by stamping each page of the document containing
4    confidential information with the legend CONFIDENTIAL or RESTRICTED
5    CONFIDENTIAL -- OUTSIDE COUNSEL ONLY prior to its production.  For
6    materials produced electronically, the medium (e.g., DVD or CD), shall be so
7    stamped.  This designation of confidential information need not be made until copies
8    of the materials are requested after inspection.  Making documents and things
9    available for inspection shall not constitute a waiver of any claims of confidentiality,
10   and all materials provided for inspection by a party's counsel shall be treated as
11   though designated as RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL
12   ONLY at the time of the inspection.  The designation RESTRICTED
13   CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall be reserved for documents
14   related to confidential or proprietary documents, including but not limited to source
15   code, licensing and other contractual agreements between the party producing such
16   documents on the one hand and third parties on the other hand.

17       **5.  Use of Designated Material:  General**

18       Each party and all persons bound by the terms of this Protective Order shall use
19   any information or document governed by this Protective Order ("Designated
20   Material") only for the purpose of prosecution or defense of this action; no party or
21   other person shall use or disclose any information or document governed by this
22   Protective Order for any purpose other than the prosecution or defense of this action.
23   It is, however, understood that counsel for a party may give advice and opinions to his
24   or her client based on his or her evaluation of information designated as
25   CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL
26   ONLY produced by the opposing party provided that such rendering of advice and
27   opinions shall not directly or indirectly reveal the content of such information except

28

-4-

1   by prior agreement with opposing counsel, which shall not be unreasonably withheld

2   or delayed.  The attorneys of record for the parties shall exercise reasonable care to

3   insure that the Designated Material be:  (1) used only for the purposes specified

4   herein, and (2) disclosed only to authorized persons.

5        All documents containing information designated RESTRICTED

6   CONFIDENTIAL -- OUTSIDE COUNSEL ONLY and notes or other records

7   regarding that information shall be maintained in the custody of counsel of record for

8   the parties or in the custody of the party producing the information, and no partial or

9   complete copies thereof containing Designated Material shall be retained by anyone

10  else at any location, other than an office of such counsel not on the premises of a

11  party, except that consultants and other persons designated in Paragraph 10 below

12  may retain documents on a temporary basis for purposes of study, analysis and

13  preparation of the case.  A person with custody of Designated Material shall maintain

14  it in a manner that limits access to qualified persons.

15      **6.  Disclosure of "CONFIDENTIAL" Material**

16       Except as otherwise provided by written stipulation of the parties or by further

17  order of the Court, documents or information designated as CONFIDENTIAL shall be

18  disclosed only on a need-to-know basis and only to (a) the parties to this action, (b)

19  attorneys of record for the parties and their authorized secretarial and legal assistant

20  staff, (c) in-house attorneys for the parties, (d) the Court and Court personnel as

21  provided in Paragraph 14, and (e) consultants and experts and their staff retained by

22  the parties or their attorneys for purposes of this litigation.  No documents or

23  information designated as CONFIDENTIAL shall be disclosed to any third party

24  except by written stipulation of the parties or by order of the Court.

25      **7.  Disclosure of "RESTRICTED CONFIDENTIAL -- OUTSIDE**

26  **COUNSEL ONLY" Material**

27       Documents or information designated as RESTRICTED CONFIDENTIAL --

28

-5-

1  OUTSIDE COUNSEL ONLY shall be disclosed only to attorneys of record for the

2  parties to this action who are not employees of the parties or employees of any related

3  entity, their authorized secretarial and legal assistance staff, the Court and Court

4  personnel as provided in Paragraph 14, and, subject to Paragraph 10 hereof, to

5  consultants, experts, and their staff retained by the parties or their attorneys for

6  purposes of this litigation. No documents or information designated as

7  RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall be disclosed

8  to any third party or to any party to this action or to any officer, director or employee

9  of any party, except by written stipulation of the parties or by order of the Court.

10  ### 8.  Software Materials and Software Materials Work Product

11  "Software Materials" shall include confidential, proprietary software, object

12  code, and source code, and any other materials that either disclose such software or

13  code or describe its structure, architecture, and functionality in technical detail.

14  "Software Materials Work Product" shall include any and all notes, memoranda, and

15  work product resulting from the inspection of Software Materials. All such materials

16  must be prominently stamped "SOFTWARE MATERIALS" or "SOFTWARE

17  MATERIALS WORK PRODUCT." Software Materials and Software Materials

18  Work Product shall be used by a recipient solely for the purpose of conducting this

19  litigation, and not for any other purpose whatsoever, and such information shall not be

20  disclosed to anyone except as provided herein. No expert or consultant, as designated

21  under Paragraph 10, shall review or gain access to Software Materials or Software

22  Materials Work Product unless and until he or she has executed the Notification of

23  Software Materials Protective Order and Undertaking, attached as Exhibit B, in

24  addition to the requirements provided in Paragraph 10, and provided a copy thereof to

25  the party or third party producing the Software Materials and Software Materials

26  Work Product. Any producing party or non-party to this litigation may designate

27  Software Materials as "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL

28

-6-

1   ONLY". Software Materials so designated, and Software Materials Work Product

2   derived therefrom, shall be subject to all of the protections afforded to materials

3   designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY", in

4   addition to the following protections:

5        (a)    One copy of any files of such Software Materials shall be produced on

6   CD-ROM(s) or DVD(s) and shall be held at the offices of the counsel for the recipient

7   of the Software Materials. Where Plaintiffs are the recipient of Software Materials,

8   the copy of any files of such Software Materials shall be held at the offices of

9   Hennigan, Bennett & Dorman, located at 865 South Figueroa Street, Suite 2900, Los

10  Angeles, California, 90017. Where the Defendant is the recipient of Software

11  Materials, the copy of any files of such Software Materials shall be held at the offices

12  of Porter & Hedges, L.L.P., 1000 Main Street, 36th Floor, Houston, Texas  77002-

13  6336.

14       (b)    Counsel for the recipient shall designate one of its attorneys to function

15  as the Primary Custodian of any Software Materials produced under this Order, and

16  shall designate another of its attorneys to function as a Deputy Custodian in the

17  absence from the office or other unavailability of the designated Primary Custodian.

18  Each Primary and Deputy Custodian shall execute a statement under penalty of

19  perjury, to be provided upon reasonable request to counsel for the producing party,

20  confirming that he or she will maintain any Software Materials produced in

21  compliance with all the terms of this Order. If circumstances reasonably warrant,

22  another attorney may be substituted as Primary or Deputy Custodian.

23       (c)    Except as hereinafter provided, no portion of the copies of Software

24  Materials will be duplicated by the recipient. The Primary and Deputy Custodians

25  will ensure that Software Materials will be protected from dissemination outside of

26  this litigation, including by the following means:

27            (i)    Counsel for each recipient shall be allowed to make one copy of

28

CV 07-06161 VBF (PLAx)                                                    PROTECTIVE ORDER

any Software Materials contained on the CD ROM(s) or DVD(s) or the sole purpose of delivering the same to each outside expert or consultant of record retained by said counsel in order to allow said expert(s) or consultant(s) to perform their duties and/or analyses.

(ii)   At each location Software Materials will be used on a stand-alone computer that is not networked to any other computers, which has no intranet or Internet access, and which computer cannot be physically accessed by any persons other than those permitted access under this Order.

(iii)   At each location, any Software Materials, including the stand-alone computer referenced in Paragraph 8(c)(y), will be kept in a locked room and, when not in use, in a locked cabinet within that locked room.

(iv)   At each location, counsel or any consultant or expert shall be allowed to make a sufficient copies of any information on the CD ROMS or DVDs for the sole purpose of transferring the data to the hard drive of the stand-alone computer for use by counsel or any consultant or expert.

(v)   Software Materials may be accessed by only (i) counsel of record and necessary law firm support staff working under the lawyers' supervision, and (ii) consultants and experts who have signed the attached Notice of Software Materials Protective Order and Undertaking and who qualify for access to the materials in the manner set forth in Paragraph 10. Any dispute over the access of any designated consultant or expert to Software Materials shall be resolved pursuant to Paragraph 10 of that Order.

(vi)   Except as needed for use in depositions, briefing, or trial, or as provided herein, no physical copies of Software Materials, or Software Materials Work Product containing the text of Software Materials or portions of the code itself, shall be taken from the offices of counsel for the recipient or any expert or consultant.

-8-

1          (vii) In the event that a Primary or Deputy Custodian becomes aware of

2          any breach of the provisions of this Order, he or she shall promptly alert

3          counsel for the producing party and, if necessary, the Court of any such breach.

4       (d)    The parties agree that they will not attempt to reverse engineer,

5 decompile, or modify Software Materials. Writing software to interact with, test, or

6 simulate the functionality of Software Materials shall not constitute prohibited reverse

7 engineering, decompiling, or modifying the Software Materials. Modifying portions

8 of source code and then compiling the source code to test software does not constitute

9 prohibited reverse engineering, decompiling, or modifying the source code.

10 Compiled code created in such manner may be tested on networked computers, as

11 long as it is securely maintained.

12       (e)    Other than for purposes of this litigation, subject to the restrictions of this

13 Order, those permitted access to Software Materials under this Order shall not

14 disclose the text of the Software Materials or portions of the code itself to any other

15 persons at any time and shall never use any information gained from access to or

16 review of the Software Materials for any purpose or reasons. So long as the text of

17 the Software Materials or portions of the code itself are not disclosed, this does not

18 preclude consultants, experts, or counsel of record from providing Software Materials

19 Work Product to in-house counsel for review.

20       (f)    Those permitted access to Software Materials under this Order shall be

21 permitted to make a physical copy of pages of Software Materials for deposition,

22 motion and trial purposes only, except that copies of pages of Software Materials can

23 be made for use by experts or consultants to discuss, analyze, and evaluate the

24 software among themselves and counsel, provided that such physical copies remain at

25 all times at the law firm locations of the CD-ROM or DVD-produced Software

26 Materials, or with an outside consultant or expert of record. Use of physical copies

27 made for this purpose, and any other use of physical copies containing Software

28

CV 07-06161 VBF (PLAx)                              PROTECTIVE ORDER

1  Materials for depositions, motions and trial, shall only occur in a manner that assures

2  disclosure of such information only to those permitted access to it under the

3  Protective Order and only on a need-to-know and relevancy basis.  During

4  depositions, a court reporter may have access to the Software Materials after

5  execution of the Notification attached hereto as Exhibit B, but shall not retain copies

6  of the Software Materials.

7      (g)    Upon the conclusion of this litigation, counsel for the recipient will

8  gather all Software Materials and all Software Materials Work Product and destroy

9  and certify as destroyed such materials, except that one archival copy of the Software

10 Materials Work Product will, at the producing party's option, either (i) be given to an

11 escrow agent to be mutually agreed upon by the parties, costs to be split evenly

12 between the producing party and the recipient, or (ii) securely retained by counsel for

13 the recipient.

14     (h)    Any person who has on behalf of a party reviewed information

15 designated as Software Materials or Software Materials Work Product shall not, for a

16 period of two years from the production of Software Materials by the producing party,

17 engage in the following:  (i) prosecution of United States or foreign patent

18 applications associated with filtering aspects in peer-to-peer software, or (ii) accept

19 employment for the commercial design, redesign, or drafting of filtering aspects of

20 peer-to-peer software applications or systems.

21     **9. Redaction**

22     Counsel for a party producing a document may mask ("redact") material

23 deemed privileged or nonresponsive to the subject matter of this action, and may thus

24 produce documents for inspection either in a masked or unmasked form; however,

25 any document on which material is masked must indicate on its face the portion

26 masked.  The reason for any such masking must be stated either on the document

27 itself or on a privilege log which accompanies the produced documents.   In the event

28

1  of any dispute as to the propriety of the redaction, the party objecting to the redaction

2  may submit the issue to the Court for review pursuant to the terms of Paragraph 16.

3  **10. Outside Experts and Consultants**

4  A party desiring to disclose documents or things marked CONFIDENTIAL or

5  RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY under Paragraph 6

6  or 7 or Software Materials and Software Materials Work Product under Paragraph 8

7  to outside experts or outside consultants shall first obtain from each expert or

8  consultant a signed undertaking in the form of Exhibit A hereto and a current résumé

9  (curriculum vitae).  A copy of said undertaking and résumé shall be served by

10  facsimile upon counsel for the producing party with a cover letter identifying each

11  company for whom the expert has done work in the past two years or is currently

12  engaged in doing work.  The producing party shall then have five (5) business days to

13  serve by facsimile a written objection to such disclosure.  Any written objection shall

14  state with specificity the reason(s) for such objection.  If counsel for the producing

15  party objects within five (5) business days, there shall be no disclosure to such expert

16  or consultant except by the parties' agreement or further order of the Court pursuant to

17  resolution of a motion brought by counsel in accordance with Local Rule 37 (or any

18  court-authorized ex parte procedure).  If within the five-day period the producing

19  party objects to the disclosure, counsel shall meet and confer with each other to reach

20  an agreement.  Failing that, the producing party may file a motion objecting to the

21  disclosure.  Should the producing party not file such a motion within five (5) business

22  days after the meet and confer, it shall be deemed that its objections are waived and

23  disclosure to the expert may proceed.

24  For purposes of this Protective Order, "outside experts or outside consultants"

25  means an expert or independent consultant or contractor who is not an employee of

26  the parties or of a competitor of the parties, and is retained solely for the purpose of

27  advising and assisting counsel in the preparation or trial of this action or retained to

28

CV 07-06161 VBF (PLAx)                                                    PROTECTIVE ORDER

1  give expert testimony or retained for both purposes, , to whom it is necessary to

2  disclose Designated Material for the purposes of this action.

3  **11.<u>Designation of Related Documents</u>**

4  Documents and information designated as CONFIDENTIAL or RESTRICTED

5  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall include (a) all copies,

6  extracts and complete or partial summaries prepared from such documents or

7  information; (b) portions of deposition transcripts and exhibits thereto which contain

8  or reflect the content of any such documents, copies, extracts or summaries; (c)

9  portions of briefs, memoranda or any other writing filed with the Court and exhibits

10  thereto which contain or reflect the content of any such documents, copies, extracts,

11  or summaries; (d) deposition testimony designated in accordance with Paragraph 12

12  below; and (e) testimony taken at a hearing or other proceeding that is so designated

13  by order of the Court.

14  Notwithstanding the provisions of this Paragraph, the mere inclusion in a

15  pleading of factual information derived from documents designated RESTRICTED

16  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY will not require that pleading to

17  be filed under seal if the parties agree in writing prior to filing the pleading that the

18  information actually contained in that pleading would not itself be properly subject to

19  such designation.  If the parties cannot resolve a dispute regarding the inclusion of

20  facts from documents marked RESTRICTED CONFIDENTIAL -- OUTSIDE

21  COUNSEL ONLY in a pleading, the procedures of Paragraph 16 shall be followed

22  prior to the filing of any such pleading.

23  **12.<u>Designation of Deposition Transcripts</u>**

24  Deposition transcripts, or portions thereof, may be designated as subject to this

25  Protective Order either (1) at the time of such deposition, in which case the transcript

26  of the designated testimony shall be bound in a separate volume and marked

27  CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL

28

-12-

1   ONLY by the reporter, as the designating party may direct, or (2) within fourteen (14)

2   business days following receipt of the deposition transcript by providing written

3   notice to the reporter and all counsel of record, in which case all counsel receiving

4   such notice shall mark the copies or portions of the designated transcript in their

5   possession or under their control as directed by the designating party.  All deposition

6   transcripts not previously designated shall be treated as RESTRICTED

7   CONFIDENTIAL -- OUTSIDE COUNSEL ONLY for a period of fourteen (14)

8   business days after receipt of the transcript, and the transcript shall not be disclosed

9   by a non-designating party to persons other than those persons named or approved

10  according to Paragraph 7 herein to review documents or materials designated

11  RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY on behalf of that

12  non-designating party.  The designating party shall have the right to exclude the

13  following persons from a deposition before the taking of testimony which the

14  designating party designates as subject to this Protective Order:  (a) as to testimony

15  designated as CONFIDENTIAL all persons except counsel of record, in-house

16  counsel of a party, the deponent, any consultant or expert retained for purposes of this

17  litigation, and a designated representative of a party; and (b) as to testimony

18  designated as RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, all

19  persons except counsel of record, counsel for the deponent, the deponent, and any

20  retained consultants or experts identified and approved pursuant to Paragraph 10

21  hereof.

22      **13. Disclosure to Author or Recipient**

23      Notwithstanding any other provisions of this Protective Order, nothing herein

24  shall prohibit counsel for a party from disclosing a document, whether designated as

25  CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL

26  ONLY to any person whom the document clearly identifies as an author, addressee, or

27  courtesy copy recipient of such document; and regardless of designation pursuant to

28

-13-

CV 07-06161 VBF (PLAx)                                           PROTECTIVE ORDER

1   this Protective Order, if a document or testimony makes reference to the actual or

2   alleged conduct or statements of a person who is a potential witness, counsel may

3   discuss such conduct or statements with such witness without revealing any portion of

4   the document or testimony other than that which specifically refers to such conduct or

5   statement, and such discussion shall not constitute disclosure within the terms of

6   Paragraphs 6 or 7 above.

7       **14. Filing of Designated Materials Under Seal**

8       Any information or documents designated as CONFIDENTIAL or

9   RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, if filed with this

10  Court, shall be filed and kept by the Court under seal and shall be made available only

11  to the Court and to persons authorized by the terms of this Protective Order.  The

12  party filing under seal shall follow the Local Rules of the Court for filing under seal,

13  including the required application that demonstrates good cause to file under seal.

14  The application to file under seal shall be directed to the judge to whom the papers are

15  directed.  Pending the ruling on the application, the papers or portions thereof subject

16  to the sealing application shall be lodged under seal.  The party filing any paper which

17  reflects, contains or includes any Designated Material shall file such paper in a sealed

18  envelope, or other appropriately sealed container, which indicates the title of the

19  action, the party filing the materials, the nature of the materials filed, the legend

20  CONFIDENTIAL -- FILED UNDER SEAL and a statement substantially in the

21  following form:

22      **This envelope contains documents subject to a Protective Order of the**

23  **Court.  It should not be opened nor its contents disclosed, revealed or made**

24  **public except by Order of the Court or agreement of the parties.**

25      At the conclusion of this case, any materials filed with the Court under seal

26  shall be kept under seal or be returned to the party filing it for disposition as provided

27  for in Paragraph 22 below.

28

-14-

### 15. Confidentiality of Party's Own Documents

No person may disclose, in public or private, any designated information or documents except as provided for in this Protective Order; but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or documents designated by it as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Protective Order.

### 16. Other Protection; Challenge to Confidentiality Designation

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.  Nor shall any party be precluded from (1) claiming that any matter designated hereunder is not entitled to the protection of this Protective Order, (2) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (3) applying for an Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.  If a party seeks removal of particular items designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other things, the following procedure shall be utilized:

(a)    The party seeking removal of such designation shall give counsel of record for the other party written notice thereof by facsimile, with confirmation by

-15-

1  mail, specifying the document, information or other things as to which such removal

2  is sought and the reasons for the request;

3        (b)    If, after conferring, the parties cannot reach agreement concerning the

4  matter within five (5) business days after the delivery by facsimile of the notice, then

5  the party requesting the removal of such designation of particular items designated as

6  CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL

7  ONLY from this Protective Order may file and serve a motion for an order of this

8  Court directing that designation of the document, information or other thing shall be

9  so removed.  Such motion must be filed and served within ten (10) business days after

10  delivery by facsimile of the notice.  Any such motion shall be set for the earliest

11  possible hearing by the Court, and shall not be continued without the consent of all

12  parties.  If such motion is not made in such time and manner, then the documents,

13  information or things at issue shall continue to be CONFIDENTIAL or

14  RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as designated,

15  unless and until a new written notice seeking removal of that material is sent and

16  decided according to this Paragraph. *The procedures of Local Rule 37 must be followed. FMO*

17  **17. Prior or Public Knowledge**

18        This Protective Order shall not apply to information that, prior to disclosure,

19  either is properly in the possession or knowledge of the party to whom such disclosure

20  is made or is public knowledge, and the restrictions contained in this Protective Order

21  shall not apply to information that is, or after disclosure becomes, public knowledge

22  other than by an act or omission of the party to whom such disclosure is made, or that

23  it legitimately acquired from a source not subject to this Protective Order.

24  Notwithstanding the foregoing, a party asserting prior or public knowledge must file a

25  motion with the court to remove Designated Material from the protection of this

26  Protective Order unless the parties stipulate or otherwise agree to remove the

27  confidential designation.

28

-16-

**18.Limitation of Protective Order**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. This Protective Order shall not operate as a waiver of the rights of any party to withhold any documents, things, responses or testimony from disclosure. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material is in fact proprietary, confidential, or a trade secret.

**19.Inadvertent Disclosure of Work Product or Privileged Information; Procedure; Waiver**

Inadvertent production of documents that are proprietary or trade secrets, and/or subject to confidentiality, work product immunity or the attorney client privilege shall not constitute a waiver of the immunity or privilege. Such inadvertently produced documents shall be returned to the producing party upon request, provided that the producing party reasonably establishes the circumstances surrounding the documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them prior to the request to return them. If, after conferring, the parties are unable to reach a satisfactory agreement within five (5) business days of the request to return them, the producing party may petition the Court regarding the matter within ten (10) business days thereafter, and the non-

-17-

1  producing party shall not disclose the document for which the belated claim of

2  immunity or privilege is being made to any persons, other than those persons who

3  have had it in their possession prior to receipt of notification from the producing

4  party, until expiration of the ten (10) day period identified in this Paragraph or, if a

5  petition to the Court is submitted, until disposition for that petition. *The procedures*

*of Local Rule 34 must be filed.* FMC

6  **20. Non-Party Material**

7      The terms of this Protective Order are applicable to CONFIDENTIAL and

8  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY information submitted by a non-

9  party, and such information produced by a non-party in connection with this litigation

10  is protected by the remedies and relief provided by this Protective Order.  A non-party

11  providing information to all the parties through either formal or informal discovery

12  means shall (a) have the same right as a party to designate any such information under

13  this Protective Order and (b) shall have standing to enforce the terms of this

14  Protective Order with respect to disclosure and use of that non-party's designated

15  information.

16  **21. Trial**

17      This Protective Order shall be effective until the commencement of trial.  Upon

18  commencement of trial, absent a further order from the Court based on good cause, all

19  material designated as CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE

20  COUNSEL ONLY under the terms of this Protective Order shall become public and

21  presumptively available to all members of the public, including the press.

22  **22. Return of Designated Material**

23      Upon final termination of this action, unless otherwise agreed to in writing by

24  an attorney of record for the designating party and subject to the provisions of

25  Paragraph 8(h), each party shall assemble and return the original production sets and

26  all copies of Designated Material in that party's custody or control within sixty (60)

27  days, including all extracts and summaries thereof, to the party from whom the

28

-18-

1    Designated Material was obtained. The parties agree to cooperate in the removal of

2    confidential information from the Court's files upon final termination of this action.

3    Any documents or copies which contain or constitute attorney's work product may be

4    retained by counsel or destroyed rather than returned. If retained, such work-product

5    must be kept in one or more envelopes, each envelope containing a copy of this

6    Protective Order and each bearing the following legend on its exterior:

7        **This envelope contains documents subject to a Protective Order of the**

8    **Court.**

9        **23.** <u>**Waiver or Termination of Order**</u>

10       No part of the restrictions imposed by this Protective Order may be waived or

11   terminated, except by the written stipulation executed by counsel of record for each

12   designating party, subject to approval by the Court, or by an order of the Court for

13   good cause shown. The restrictions provided for herein shall not terminate upon the

14   conclusion of this lawsuit, but shall continue until further Order of this Court.

15       **24.** <u>**Modification of Order; Prior Agreements**</u>

16       This Protective Order may be modified, and any matter related to it may be

17   resolved, by written stipulation of the parties upon entry of such stipulation as an

18   Order of the Court. In the event that the parties are unable to agree to a modification

19   of this Protective Order, they may seek relief from the Court. This Protective Order

20   shall not supersede any agreements between the parties regarding confidentiality of

21   particular information entered into before the date of this Protective Order.

22       **25.** <u>**Continuing Jurisdiction**</u>

23       ~~This Protective Order is ongoing and shall survive termination of this lawsuit.~~

24   ~~The United States District Court for the Central District of California shall retain~~

25   ~~jurisdiction to enforce this Protective Order even after termination of this lawsuit.~~

26

27

28

-19-

26. **Paragraph Captions**

The title captions for each Paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the Paragraphs or the substance of the Protective Order.

Dated:  July 22 2008

PORTER & HEDGES LLP


By _____
     Charles S. Baker

Attorneys for Defendant LIME WIRE LLC

July 22 2008

HENNIGAN, BENNETT & DORMAN LLP


By: _____
     Lawrence M. Hadley

Attorneys for Plaintiffs, KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC.


# O R D E R

FOR GOOD CAUSE SHOWN, this Protective Order, requested by the parties is hereby entered.

IT IS SO ORDERED.

Dated: 7/25/08

_____
United States ~~District~~ Judge
                    Magistrate

Paul L. Abrams

-20-

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>THE LIME GROUP, INC., AND LIME WIRE LLC<br><br>Defendants. | Case No. CV07-06161 VBF (PLAx) |

My name is _____. My home address is _____

_____.

I am employed as (state position) _____ at (state

name and address of employer) _____

_____.

1.      I have read the Protective Order and a copy of it has been given to me.  I

understand the provisions of this Order, and agree to comply with and to be bound by

its provisions.  I will hold in confidence, will not disclose to anyone other than those

-1-

1    persons specifically authorized by the Protective Order, and will not copy or use

2    except for purposes of this action, any documents or things marked

3    "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL

4    ONLY" which I receive in this action, except as allowed in accordance with the

5    Protective Order.

6         2.     I further agree to submit to the jurisdiction of this Court for adjudication

7    of any dispute regarding my compliance with the terms of this Protective Order.

8

9         I declare under penalty of perjury under the law of the United States of

10   America that the foregoing is true and correct.

11

12        Executed this _____ day of _____, _____, at

13   _____, _____.

14

15

16   _____          _____
          Print Name                               Signature

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**EXHIBIT "B"**

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC. | ) Case No. CV07-06161 VBF (PLAx) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE LIME GROUP, INC., AND LIME WIRE LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

12

13

14

15

16

17

18

19

20       The United States District Court in Los Angeles has issued a Software

21   Materials Protective Order in this case, which limits the dissemination of certain

22   computer related information produced in discovery, bearing the designation

23   "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY."  You are now

24   subject to this order and are prohibited by court order from communicating any

25   information you obtained through discovery in this case.  If you intentionally or with

26   gross negligence or reckless disregard disseminate any portion of this information in

27   violation of this Court's order, you, and the party who engaged or retained you, could

28

CV 07-06161 VBF (PLAx)                          NOTIFICATION OF SOFTWARE MATERIALS PROTECTIVE ORDER
Error! Unknown document property name.

1  be subject to sanctions, which could include fines and, in an extreme case,

2  incarceration for contempt of court.

3

4      I declare under penalty of perjury under that I have read the Software Materials

5  Protective Order and the Protective Order issued in this case and that I agree to abide

6  by and be bound by their terms.

7

8      Executed this _____ day of _____, _____, at

9  _____, _____.

10

11

12  _____    _____
               Print Name                                              Signature

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5841105v1
CV 07-06161 VBF (PLAx)
Error! Unknown document property name.

-2-
NOTIFICATION OF SOFTWARE MATERIALS PROTECTIVE ORDER